UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JASON CAMPBELL,

                                        Plaintiff,

        -against-

THE CITY OF NEW YORK; POLICE OFFICER
DIANA KRAVETS; SERGEANT JERRY
SUKHNANDAN; POLICE OFFICER CHRISTINA
FARLEY; POLICE OFFICER JOHNNY MARQUEZ,

                                        Defendants.
-------------------------------------------------------------------X

**AMENDED COMPLAINT**
**JURY TRIAL DEMANDED**

19 CV 0886 (BMC) (LB)

        Plaintiff, by his attorneys, Friedman Sanchez, LLP complaining of the Defendants, respectfully sets forth and alleges as follows, upon information and belief:

<u>PRELIMINARY STATEMENT</u>

        1.      This is a Civil Rights action in which the plaintiff seeks relief for Defendants' violation, under color of state law, of his rights, privileges and immunities secured by The Civil Rights Act of 1871, 42 U.S.C. Sections 1983 and 1985, the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and the Constitution and laws of the State of New York.

        2.      The Plaintiff, JASON CAMPBELL, brings this action under 42 U.S.C. Sections 1983 and 1985 and related state laws seeking compensatory and punitive damages and attorney's fees under 42 U.S.C. Section 1988 for the Defendants' violation of his rights afforded by the United States and New York Constitution and under the laws of The State of New York.

        3.      Defendants, the City of New York, Police Officer Diana Kravets, Sergeant Jerry Sukhnandan, Police Officer Christina Farley and Police Officer Johnny Marquez, acting individually and in their official capacities, jointly and severally, did cause plaintiff JASON

CAMPBELL, to be subject to, *inter alia*, excessive and unreasonable force resulting in serious physical and mental injury.

4.      Defendants, Police Officer Diana Kravets, Sergeant Jerry Sukhnandan, Police Officer Christina Farley and Police Officer Johnny Marquez, being employees of the City of New York violated Plaintiff's Civil Rights, caused him serious personal injury, emotional harm and economic loss.

5.      The incident against the Defendants occurred on June 4, 2017 within 325 East 21st Street, #4B, in the County of Kings, City and State of New York, when the plaintiff was assaulted and battered by New York City Police Officers and continued thereafter in the .

6.      Plaintiff seeks compensatory and punitive damages. Plaintiff also seeks an award of attorney fees and costs, and for such other and further relief as the court deems just and proper.

**JURISDICTION**

7.      The Court has jurisdiction over plaintiff's claims under 42 U.S.C. Sections 1983 and 1985 pursuant to 28 U.S.C. Section 1331 and Section 1342(3).

8.      The jurisdiction of this Court is invoked pursuant to the provisions of Title 28, United States Code Section 1343(3) and (4), this being a suit in equity which is authorized by law, Title 42, United States Code, Sec. 1983, to be brought to redress the deprivation under color of the state law, statute, ordinances, regulations, custom or usage of rights, privileges, and immunities secured by the Constitution and laws of the United States or by any Act of Congress providing for equal rights of citizens.  The rights here sought to be redressed are rights guaranteed by the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States and Title 42, United States Code, Section 1981 as hereinafter more fully appears and of the State of New York.

9.     This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. Section 1367.

10.     This action was commenced within the time limitations set forth in all applicable Federal and State Laws and Statutes.

## VENUE

11.     Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. Section 1391(b)(2), in that this is the judicial district in which the events giving rise to this claim occurred.

## JURY DEMAND

12.     Plaintiff demands a trial by jury in this action on each and every one of his claims.

## PARTIES

13.     Plaintiff Jason Campbell is a resident of the City and State of New York, County of Kings.

14.     At all times hereinafter mentioned the defendant, THE CITY OF NEW YORK, was and still is a municipal corporation duly existing by virtue of the laws of the State of New York.

15.     That THE CITY OF NEW YORK is vested with the power and authority to carry out municipal functions and in furtherance of said authority has created an entity known as the NEW YORK CITY POLICE DEPARTMENT.

16.     At all relevant times, THE CITY OF NEW YORK, acting through the NEW YORK CITY POLICE DEPARTMENT, was responsible for the policy, practice, supervision, implementation and conduct of all NEW YORK CITY POLICE DEPARTMENT matters and

was responsible for the appointment, training, supervision, and conduct of all NEW YORK CITY POLICE DEPARTMENT personnel.

17.     At all times relevant herein, THE CITY OF NEW YORK was responsible for ensuring that NEW YORK CITY POLICE DEPARTMENT personnel obey the laws of the United States and New York State.

18.     Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers.

19.     Defendant THE CITY OF NEW YORK maintains the 070th Precinct which is located at 154 Lawrence Ave, Brooklyn, New York 11230.

20.     Defendant THE CITY OF NEW YORK employed police officers for the purpose of law enforcement.

21.     Defendant The City of New York is responsible for the practices, policies and customs of the New York City Police Department, as well as the hiring, screening, training, supervising, controlling, retaining and disciplining of the persons employed by the New York City Police Department.

22.     At all times herein after mentioned, Defendants, Police Officer Diana Kravets, Sergeant Jerry Sukhnandan, Police Officer Christina Farley and Police Officer Johnny Marquez, were assigned to the 070th Precinct.

23.     At all times hereinafter mentioned, Defendants Police Officer Diana Kravets, Sergeant Jerry Sukhnandan, Police Officer Christina Farley and Police Officer Johnny Marquez, were police officers at the 070th Precinct.

24.     Defendants The City of New York and the New York City Police Department are vicariously responsible for the actions of its police officers.

25.     The 070th precinct is a precinct within the New York City Police Department and is located at 154 Lawrence Ave, Brooklyn, New York 11230.

26.     At all times relevant hereto, Police Officer Diana Kravets, Shield No. 19988 was and is a resident of the State of New York and was employed by the City of New York and/or The New York City Police Department.

27.     At all times relevant hereto, Sergeant Jerry Sukhnandan was and is a resident of the State of New York and was employed by the City of New York and/or The New York City Police Department.

28.     At all times relevant hereto, Police Officer Christina Farley was and is a resident of the State of New York and was employed by the City of New York and/or The New York City Police Department.

29.     At all times relevant hereto, Police Officer Johnny Marquez was and is a resident of the State of New York and was employed by the City of New York and/or The New York City Police Department.

30.     On June 4, 2017 the New York City Police Department employed the aforementioned police officers who were agents, servants and/or employees of the New York City Police Department.

31.     The individually named Defendants were at all times acting under color of state law, to wit, under color of the statutes, ordinances, customs, policies and/or practices of the State of New York and/or City of New York and Defendants were also acting within the scope of and in furtherance of their employment.

32.     At all times relevant herein, each of the individual Defendants acted under color of law in the course and scope of his or her duties and functions as an agent, employee, servant and/or

officer of The City of New York and/or New York City Police Department in engaging in the conduct described herein.

33.    At all times relevant herein, the individual Defendants have acted for and on behalf of The City of New York and/or The New York City Police Department, and incidental to the lawful pursuit of their duties as officers, agents, employees and/or servants of The City of New York and/or the New York City Police Department..

34.    At all times relevant herein, the individual Defendants violated clearly established constitutional standards under the First, Fourth, Fifth, Eighth and Fourteenth Amendments of which a reasonable police officer and/or public official under his or her respective circumstances would have known to be so violative.

<u>FACTUAL ALLEGATIONS</u>

35.    On June 4, 2017, Sergeant Jerry Sukhnandan and other police officers gained access to the premises located at 325 East 21st Street, Brooklyn, New York.  The officers did not have a search warrant.

36.    On June 4, 2017, Sergeant Jerry Sukhnandan and/or other police officers present at that time, rang the bell to apartment 4B of the premises located at 325 East 21st Street, Brooklyn, New York.

37.    Ms. Diggs, who resided in the subject apartment asked who was at the door.  A male officer announced that the police department was at the door and that he was looking for plaintiff, JASON CAMPBELL.

38.    Plaintiff Jason Campbell thereafter opened the door a few inches and Sergeant Jerry Sukhnandan stuck his foot into the opening.

39.     Sergeant Jerry Sukhnandan pushed his way into the apartment knocking the plaintiff over.  The other officers with Sergeant Jerry Sukhnandan also entered the apartment.

40.     Sergeant Jerry Sukhnandan then began to beat plaintiff Jason Campbell with his baton while plaintiff was on the floor of the apartment. The additional officers tossed the plaintiff onto his stomach and cuffed the plaintiff.  Additional officers entered the apartment.

41.     Police officers within the apartment continued to kick, punch and beat the plaintiff while he was on the floor handcuffed.

42.     Plaintiff was falsely charged with various crimes and defendants continued to pursue certain charges against plaintiff until they were dismissed.

### AS AND FOR A FIRST CAUSE OF ACTION

43.     That on the 4th day of June, 2017, the Plaintiff was lawfully within apartment 4B of the premises located at 325 East 21st Street, Brooklyn, New York, when he was arrested by defendants, Police Officer Diana Kravets, Sergeant Jerry Sukhnandan, Police Officer Christina Farley, Police Officer Johnny Marquez and others, without probable or just cause of provocation, who falsely accused the plaintiff of crimes of which he was wholly innocent, who beat, kicked, and punched the plaintiff, and who detained the plaintiff for an unreasonable period of time thereafter.

44.     That on the 4th day of June, 2017, the plaintiff was falsely, wrongfully and illegally arrested by defendants Police Officer Diana Kravets, Sergeant Jerry Sukhnandan, Police Officer Christina Farley, Police Officer Johnny Marquez and others employed by the defendants The City of New York and/or The New York City Police Department, without probable or just cause of provocation, who falsely accused the plaintiff of crimes of which he was wholly

innocent, and detained the plaintiff for an unreasonable period of time thereafter until he was released.

45.     That the said defendants Police Officer Diana Kravets, Sergeant Jerry Sukhnandan, Police Officer Christina Farley, Police Officer Johnny Marquez and others, were employees of the defendant The City of New York, and were acting within the scope of their employment for the said defendant.

46.     That on the 4th day of June, 2017, the defendants, by their servants, agents, police officers, detectives, employees and/or personnel acting within the scope of their employment by the defendants did falsely arrest the plaintiff and detain him without just cause or provocation.

47.     That on the 4th day of June, 20017, the defendant, The City of New York, by its servants, agents, police officers, detectives, employees and/or personnel acting within the scope of their employment by the defendant The City of New York did falsely arrest the plaintiff and detain him without just cause or provocation.

48.     That by reason of the foregoing, the plaintiff was caused to suffer severe and serious injuries and damages both physically and mentally, suffered grievous harm, embarrassment, defamation of character, damage to his good name, credit, character and reputation, and plaintiff was subjected to extreme public humiliation, scorn, contempt, derision and ridicule.

49.     That by reason of the foregoing, plaintiff has been damaged in an amount which is in excess of ONE MILLION ($1,000,000.00) DOLLARS to be determined upon the trial of this action.

## AS AND FOR A SECOND CAUSE OF ACTION

50.     That plaintiff repeats, reiterates and realleges each and every allegation as contained in paragraphs numbered 1 through 49 of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

51.     That on the 4th day of June, 2017, and for a period of time thereafter, the plaintiff was caused to be falsely and wrongfully arrested, detained, imprisoned, incarcerated and deprived of his rights and liberty for an unreasonable period of time until he was discharged.

52.     That commencing on the 4th day of June, 2017, the defendants did falsely, wrongfully, intentionally and maliciously arrest, detain, imprison and incarcerated the plaintiff, intentionally inflicting extreme emotional distress, depriving him of his rights, freedom and liberty for an unreasonable period of time, all without any just cause or provocation.

53.     That commencing on the 4th day of June, 2017, the defendants did falsely, wrongfully, intentionally and maliciously arrest, detain, imprison and incarcerate the plaintiff, depriving him of his rights, freedom and liberty for an unreasonable period of time, until on or about April 18, 2018 all without just cause, provocation, or any lawful basis whatsoever.

54.     That by reason of the foregoing, the plaintiff was caused to sustain severe and serious injuries and damages, both mentally and physically, severe nervous shock, emotional distress and illness, was placed in a position of fear for his life and well-being, was subjected to extreme embarrassment, humiliation, scorn and ridicule, defamation of character, and was severely injured and damaged.

55.     That by reason of the foregoing, plaintiff has been damaged in an amount which is in excess of ONE MILLION ($1,000,000.00) DOLLARS to be determined upon the trial of this action.

<u>AS AND FOR A THIRD CAUSE OF ACTION</u>

56.     Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 56 as if fully set forth herein.

57.     On June 4, 2017, in the course of being arrested, the plaintiff was assaulted and battered by the aforementioned agents, servants, and/or employees of the defendants The City of New York and The New York City Police Department.

58.     On June 4, 2017, in the course of being arrested, the plaintiff was assaulted and battered by Police Officer Diana Kravets.

59.     On June 4, 2017, in the course of being arrested, the plaintiff was assaulted and battered by Sergeant Jerry Sukhnandan.

60.     On June 4, 2017, in the course of being arrested, the plaintiff was assaulted and battered by Police Officer Christina Farley.

61.     On June 4, 2017, in the course of being arrested, the plaintiff was assaulted and battered by Police Officer Johnny Marquez and others.

62.     During the course of this arrest the plaintiff was subjected to excessive use of force, assaulted, battered, beaten, handcuffed and otherwise attacked as a result of which plaintiff was caused to sustain and suffer serious personal injuries including, but not limited to a fractured orbit, and other injuries.

63.     Defendants use of force was not justified and was done willfully and maliciously.

64.     Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for plaintiff's rights.

65.     The plaintiff was the victim of police brutality.

66.     Said use of excessive force deprived plaintiff of the constitutional right to bodily security and liberty under the Fourteenth amendment to the United States Constitution and amounted to an unreasonable physical seizure of plaintiff under the fourth amendment to the United States Constitution.

67.     By reason of the aforementioned, the plaintiff suffered physical damages, suffered great mental anguish and was deprived of his constitutional rights.

68.     That by reason of the foregoing, plaintiff has been damaged in an amount which is in excess of THREE MILLION ($3,000,000.00) DOLLARS to be determined upon the trial of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION

69.     Plaintiff repeats each and every allegation contained in paragraphs 1 through 68 as if fully set forth herein.

70.     The aforesaid officers of The City of New York and The New York City Police Department were acting as agents, servants and/or employees of The City of New York and the New York City Police Department.

71.     The aforesaid officers were acting within the course and scope of their employment.

72.     The aforementioned acts of each of the defendants were under color of statutes, ordinances, regulations, custom and usage of the State of New York and the City of New York.

73.     The aforementioned acts of each of the defendants deprived plaintiff of the privileges and immunities guaranteed to plaintiff as a citizen of the United States, by amendments IV, V, VII and Section I of amendment XIV of the Constitution of the United States and by the Constitution of the State of New York.

74.     As a direct and proximate result of the defendants' actions, plaintiff was deprived of rights, privileges and immunities secured to him under the Constitution and laws of New York and United States, including, but not limited to their rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution and 42 U.S.C Section 1983.

75.     The aforementioned acts of the defendants constituted cruel and unusual punishment of plaintiff and as such violated amendment VIII of the Constitution of the United States and of the State of New York.

76.     By reason of the foregoing, defendants are liable to plaintiff pursuant to Title 42 of the United States Code, including but not limited to Section 1983 thereof.

77.     By reason of the aforementioned the plaintiff suffered physical damages, suffered great mental anguish and was deprived of his constitutional rights.

78.     That by reason of the foregoing, plaintiff has been damaged in an amount which is in excess of ONE MILLION ($1,000,000.00) DOLLARS to be determined upon the trial of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION

79.     Plaintiff repeats each and every allegation contained in paragraphs 1 through 78 as if fully set forth herein.

80.     All of the acts and omissions by the named and unnamed individual police officers described were carried out pursuant to overlapping policies and practices of The City of New York and the New York City Police Department which were in existence at the time of the conduct alleged herein and were engaged in with the full knowledge, consent, and cooperation and under the supervisory authority of The City of New York and the New York City Police Department.

81.     Defendant The City of New York and the New York City Police Department, by their policy-making agents, servants and employees, authorized, sanctioned and/or ratified the individual police defendants' wrongful acts; and/or failed to prevent or stop those acts; and/or allowed or encouraged those acts to continue.

82.     The actions of the individual police defendants resulted from and were taken pursuant to the following de facto policies and/or well settled and widespread customs and practices of The City of New York and the New York City Police Department, which were and are implemented by members of its police department:

(a)     Members of the fifth precinct are encouraged and/or allowed by their supervisors to physically brutalize suspects and arrestees without consequence – i.e. without fear of reprimand, discipline or even re-training by the Department;

(b)     New York City Police Officers, including the 70th precinct, engage in systemic and ubiquitous perjury, both oral and written, to cover-up constitutional and state law violations committed against civilians by either themselves or their fellow officers, supervisors and/or subordinates. They did so and do so with the knowledge and approval of their supervisors, commanders and Police Commissioners who all:

(i)     tacitly accept and encourage a code of silence wherein police officers refused to report other officers misconduct or tell false and incomplete stories designed to cover for and/or falsely exonerate accused police officers; and

(ii)    encourage and/or fail to discipline officers for "testifying" and/or fabricating false evidence to initiate and continue the malicious prosecution of civilians in order to cover-up civil right violations perpetrated by themselves or fellow officers, supervisors and/or subordinates against those civilians; and

(c)     The City of New York and the New York City Police Department with the knowledge, approval and encouragement of Police Commissioners, fail to properly train, supervise and/or discipline officers concerning the constitutional rights of individuals in their care and custody.

83.     The Defendants established a custom, policy and/or practice of encouraging, approving and/or tolerating the New York City Police Department's use of excessive force and acts of misconduct against civilians, especially those civilians who are of African American descent, and

subsequent attempts to conceal such actions by failing to adequately train, supervise and discipline its agents, employees and officers.

84.     The Defendants were deliberately indifferent to the use of improper procedures in the detention and arrest of civilians, and especially those civilians of African American descent, and established a custom, policy and/or practicing of encouraging, approving and/or tolerating the use of said improper procedures by the New York City Police Department and subsequent attempts to conceal such actions by failing to adequately train, supervise and discipline its agents, employees and officers.

85.     The defendants' actions were undertaken under the color of law and would not have existed but for said defendants' use of their official power.

86.     The supervisors and policy making officers of defendants, as a matter of policy, were deliberately indifferent to said practices and have failed to take steps to terminate the above detailed practices and have failed to discipline or otherwise properly supervise the individuals engaged in such practices.

87.     Defendants have failed to properly or effectively train their agents, servants and/or employees with regard to proper constitutional and statutory limits on the exercise of their authority, and such failures continue to this day.

88.     Defendants have sanctioned the policy and practices heretofore described through its deliberate indifference to the effect of such policy and practices upon the constitutional rights of plaintiff and others similarly situated.

89.     The Defendants' motivations were in contravention of the United States Constitution and the Constitution of the State of New York.

90.     The City of New York and the New York City Police Department had a policy of encouraging abuse and assaults or of ratifying same by systemic deficiencies in disciplining officers or in the investigation of complaints against officers.

91.     The foregoing acts, inaction, omissions and systemic failures are customs and policies of the municipal defendants and caused its police officers to believe that determination of the rights to use force and the amount of allowable legal force was within their discretion and that complaints of the use of excessive force would not be honestly or properly investigated, with the foreseeable result that officers would be likely to use improper force.

92.     The existence of the foregoing unlawful de facto policies and/or well-settled and widespread customs and practices is known to, encouraged and/or condoned by supervisory and policy making officers and officials of City of New York and the New York City Police Department including its Police Commissioner.

93.     Despite knowledge of such unlawful de facto policies, practices and/or customs, these supervisory and policy making officers and officials of The City of New York and the New York City Police Department including its Commissioner, have not taken steps to terminate these policies, practices and/or customs, do not discipline individuals who engage in such policies, practices and/or customs or otherwise properly train police officers with regard to the constitutional and statutory limits on the exercise of their authority, and insert sanctions and ratify these policies, practices and/or customs through their active encouragement of, deliberate indifference to and/or reckless disregard of the effect of said policies, practices and/or custom upon the constitutional rights of persons in their care and custody.

94.     As a result of the aforesaid violation of Plaintiff's rights, he sustained injuries and damages previously described in this complaint.

95.     As a result of the foregoing, plaintiff seeks compensatory damages in an amount that exceeds the minimal jurisdictional amount of the lower courts from all defendants.

96.     As a direct and proximate result of the aforesaid acts, inaction, omissions and systemic failures the individually named officers used excessive force against the plaintiff.

97.     That by reason of the foregoing, plaintiff has been damaged in an amount which is in excess of ONE MILLION ($1,000,000.00) DOLLARS to be determined upon the trial of this action.


AS AND FOR A SIXTH CAUSE OF ACTION

98.     Plaintiff repeats and incorporates by reference each and every allegation contained in paragraphs 1 through 97 as if fully set forth herein.

99.     The Defendants are liable under 42 U.S.C. Section 1985 (3) for conspiring to violate plaintiff's rights guaranteed by the aforementioned amendments to the constitution.

100.    The aforementioned defendant officers conspired, planned and agreed to treat plaintiff in the manner previously described in the basement of the sixth precinct, for the purpose of depriving him, either directly or indirectly, of equal protection of the laws and/or of equal privileges and immunities under the United States Constitution and the New York Constitution.

101.    The actions and conduct taken against the plaintiff was done in furtherance of their conspiracy.

102.    As a result the plaintiff suffered physical injury, emotional harm, was subject to cruel and unusual punishment in violation of the 8th Amendment and was deprived of his constitutional rights as previously described.

103.    The defendants' conspiracy was motivated by plaintiff's race.

104.     That by reason of the foregoing, plaintiff has been damaged in an amount which is in excess of ONE MILLION ($1,000,000.00) DOLLARS to be determined upon the trial of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION

105.     Plaintiff repeats and incorporates by reference each and every allegation contained in paragraphs 1 through 104 as if fully set forth herein.

106.     Members of the New York City Police Department have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the police department employing unjustified and excessive force against a civilian or an arrestee.

107.     Other officers and employees of the defendant New York City Police Department were present while the plaintiff was being assaulted and battered.

108.     The use of force against the plaintiff was obviously excessive and unjustified under the circumstances yet the other officers present failed to take any action or make any effort to intervene, halt or protect the plaintiff from being physically brutalized.

109.     Defendants' violation of plaintiff's constitutional rights by failing to intervene in the clearly unconstitutional use of force against the plaintiff resulted in the injuries and damages set forth above.

110.     That by reason of the foregoing, plaintiff has been damaged in an amount which is in excess of ONE MILLION ($1,000,000.00) DOLLARS to be determined upon the trial of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

111.     Plaintiff repeats and incorporates by reference each and every allegation contained in paragraphs 1 through 110 as if fully set forth herein.

112.     The aforementioned conduct of the named and unnamed detectives and officers violated the protections guaranteed to the plaintiff by the New York State Constitution, Article 1, Sections 6, 8, 11 and 12 including but not limited to the right to be free from unreasonable seizure of their person, including excessive force.

113.     Defendants' deprivation of plaintiff's rights under the New York State Constitution resulted in the injuries and damages suffered by the plaintiff.

114.     That by reason of the foregoing, plaintiff has been damaged in an amount which is in excess of ONE MILLION ($1,000,000.00) DOLLARS to be determined upon the trial of this action.

## AS AND FOR A NINTH CAUSE OF ACTION

115.     Plaintiff repeats each and every allegation contained in paragraphs 1 through 114 as if fully set forth herein.

116.     The defendants, their agents, servants or employees acted negligently, carelessly and recklessly in the care and treatment given to the plaintiff during his arrest.

117.     The individual defendants by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts, failed to perform their duties as a reasonably prudent and careful police officer, detective and/or supervisor would have done under similar circumstances.

118.     The negligent actions of the individual defendants directly and proximately caused plaintiff's injuries and damages as set forth above.

119.    That by reason of the foregoing, plaintiff has been damaged in an amount which is in excess of ONE MILLION ($1,000,000.00) DOLLARS to be determined upon the trial of this action.

AS AND FOR AN TENTH CAUSE OF ACTION

120.    Plaintiff repeats each and every allegation contained in paragraphs 1 through 119 as if fully set forth herein.

121.    The actions of the defendants in assaulting and battering the plaintiff were outrageous and beyond any norms acceptable to society.

122.    Defendants acted with the desire and intent to cause plaintiff emotional distress, or acted under circumstances known to them which made it substantially certain that they would cause such emotional distress.

123.    Defendants acted with utter disregard of the consequences of their actions.

124.    As a result of the aforesaid, plaintiff sustained injuries and damages previously described in this complaint, including intentional infliction of emotional distress.

125.    That by reason of the foregoing, plaintiff has been damaged in an amount which is in excess of ONE MILLION ($1,000,000.00) DOLLARS to be determined upon the trial of this action.

AS AND FOR A ELEVENTH CAUSE OF ACTION

126.    Plaintiff repeats each and every allegation contained in paragraphs 1 through 125 as if fully set forth herein.

127.    The individually named detectives and police officers, by their aforementioned acts, did negligently cause plaintiff to suffer mental and emotional distress.

128.    That by reason of the foregoing, plaintiff has been damaged in an amount which is in excess of ONE MILLION ($1,000,000.00) DOLLARS to be determined upon the trial of this action.

<u>PUNITIVE DAMAGES</u>

129.    Plaintiff will be seeking punitive damages against each of the named police officers.

WHEREFORE, plaintiff demands the following relief jointly and severally against all defendants:

(a)    A declaration that Defendants violated plaintiff's Federal Civil Rights;

(b)    Compensatory damages for the physical and emotional injuries suffered by plaintiff by reason of defendants unlawful and unjustified conduct, in an amount just and reasonable and in conformity with the evidence at trial;

(c)    Punitive damages against the individual defendants;

(d)    Attorneys fees;

(e)    The costs and disbursements of this action; and

(f)    For such other, further and different relief as is just and proper under the circumstances.

Dated:  Brooklyn, New York
        July 24, 2019

Yours, etc.

By: Fabien Robley, Esq.
Friedman Sanchez, LLP
Attorneys for Plaintiff
16 Court Street, Suite 2600
Brooklyn, New York 11241
(718) 797-2488

TO:    Nakul Y. Shah, Esq.
           Assistant Corporation Counsel
           ZACHARY W. CARTER
           Corporation Counsel of the City of New York
           Attorneys for Defendants
           100 Church Street
           New York, New York 10007
           (212) 356-2375

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JASON CAMPBELL,

                              Plaintiff,

             -against-

THE CITY OF NEW YORK; POLICE OFFICER DIANA
KRAVETS; SERGEANT JERRY SUKHNANDAN; POLICE
OFFICER CHRISTINA FARLEY; POLICE OFFICER JOHNNY
MARQUEZ,
                           Defendants.
-------------------------------------------------------------------------X

---

## AMENDED COMPLAINT

---

# FRIEDMAN SANCHEZ, LLP

*Attorneys for Plaintiff(s)*
**16 Court Street, Suite 2600**
**Brooklyn, New York 11241**
**(718)797-2488**

---

*To:*
*Attorney(s) for*

---

*Service of a copy of the within*                                    *is hereby admitted.*

*Dated:*                                …………………………………….
                                           *Attorney(s) for*

---

*PLEASE TAKE NOTICE*

*Notice of*     *That the within is a true copy of a*
*that a*         *entered in the office of the clerk of the within named Court on*             *,2018*
*Honorable*      *of which the within is a true copy will be presented for settlement to the*
                      *one of the judges of the within named Court,* Settlement      on
           *, 201 , at*       a.m.
Dated: